# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

JERMAINE ANTONIO WALKER, :
:
      Plaintiff, :
VS. :
: NO. 7:17-CV-48-HL-TQL
STANLEY WILLIAMS, *et al.*, :
:
      Defendants. :
_____ :

## ORDER

Pursuant to the Court's previous order requiring the same, *pro se* Plaintiff Jermaine Antonio Walker, who is currently incarcerated at the Georgia State Prison in Reidsville, Georgia, has filed a second amended civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff's claims are now ripe for preliminary screening pursuant to 28 U.S.C. § 1915A(a) and § 1915(e). After conducting this review, the Court finds that Plaintiff has failed to state a viable claim upon which relief may be granted. Plaintiff's Complaint is accordingly **DISMISSED without prejudice**.

    **I.    Preliminary Screening**

        A.  Standard of Review

In accordance with the Prison Litigation Reform Act ("PLRA"), the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same.

When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

2

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

B. Factual Allegations

Plaintiff's claims arise from an alleged conspiracy between various prison officials at three different Georgia state prisons. According to the Complaint, on August 5, 2016, Plaintiff was transferred from Wilcox State Prison to Valdosta State Prison after he threw fecal matter in the face of Defendant Michael Williams, the unit manager at Wilcox State Prison. Before Plaintiff left Wilcox State Prison, Plaintiff alleges Defendant Michael Williams told Plaintiff, that he "was going to pay for that," and Defendant Bryant (another prison official at Wilcox State Prison) told Plaintiff that he "was going to get whats comming [sic] to [him]." Compl. 5, ECF No. 1. Plaintiff then left Wilcox State Prison for Valdosta State Prison. *Id.*

Plaintiff alleges that he was assaulted by his cellmate at Valdosta State Prison "with a state issued lock" within twenty-four hours of his arrival. *Id.* Plaintiff further alleges that his cellmate told him he had been "informed of [Plaintiff's] arrival" and was "offered a substantial amount of contraband items if he would go about causing [Plaintiff] bodily harm." *Id.* When Plaintiff asked his cellmate who had told him this, his

3

cellmate could not remember the person's name but told Plaintiff he had been told that Plaintiff killed the cellmate's uncle. *Id.* Plaintiff also alleges his cellmate "has a very long history of violence as well as mental health issues" and that Defendant Stanley Williams, the warden at Valdosta State Prison "is very familiar" with Plaintiff's cellmate. *Id.*

Plaintiff states that for more than a month, he "was practically ignored" when he tried to complain about this incident. *Id.* at 6. On September 19, 2016, Plaintiff was finally able to get a counselor to accept his grievance, and on September 20, 2016, Plaintiff contends he was assigned to Tier II segregation and that prison officials seized his personal property. *Id.* On September 21, 2016, Plaintiff was assigned a new cellmate who allegedly told Plaintiff, "I don't know what you did," but "these people" wanted him to wait until Plaintiff fell asleep, choke Plaintiff with a belt, and then tie a sheet around Plaintiff's neck to make it look like Plaintiff had hung himself. *Id.* Plaintiff's new cellmate then showed Plaintiff a belt and told Plaintiff, "this is all they gave [me] to work with." *Id.* The next day, Plaintiff alleges his cellmate told him that two CERT team officers told the cellmate that "the warden said that if [the cellmate] did what he was asked to do, he would take care of all of [the cellmate's] problems." *Id.* Plaintiff then alleges that one of the officers gave the cellmate a pill to mix into Plaintiff's food, apparently so the cellmate could stage the suicide more easily. *Id.* Plaintiff further claims that this cellmate was "another violent and mentally unstable inmate that Stanley Williams is familiar with from his time as Warden at Georgia State Prison." *Id.* at 7. Plaintiff was later transferred from Tier II to population but was housed in "the most

4

violent of all the dorms at the prison even though [he] had medium security and Valdosta is a Level 5 close security prison." *Id.*

On November 1, 2016, Plaintiff was transferred to Georgia State Prison. *Id.* He contends that his personal property went missing at some point during the transfer. *Id.* Plaintiff also alleges that he was unfairly placed in the Tier II program at Georgia State Prison due to his disciplinary history, but Plaintiff alleges he has not been found guilty of two of the disciplinary reports with which he has been charged. *Id.* Plaintiff also claims that he was again assigned a cellmate with a known violent history. *Id.* When he requested to be transferred from that cell because he feared for his safety, Plaintiff alleges he was sprayed with pepper spray and not permitted to fully decontaminate. *Id.* at 7-8. Plaintiff further alleges that his cell at Georgia State Prison does not have a sprinkler system or toilets that the inmates can flush on their own, and he also suggests that the showers are "unclean" and have "damaged" Plaintiff's feet. Recast Compl. 2, ECF No. 11.

Plaintiff raises constitutional claims against Defendants Michael Williams, Bryant, and Stanley Williams. He also names as Defendants in this action Marty Allen, the warden at Georgia State Prison; Trevonza Bobbitt, the deputy warden at Georgia State Prison; and Anthony Terrell, the deputy warden of security at Valdosta State Prison. *See* Compl. 4, ECF No. 1. Plaintiff contends Defendants violated his constitutional rights, and as a result he seeks compensatory damages, the return of his lost property, court costs, and removal from the Tier II program. In his Amended Complaint, Plaintiff states that "[t]he only thing that I ask of the Courts . . . is that I get my property back as well as

5

the expunge[ment] of the last 3 disciplinary reports placed in my file." Am. Compl. 1, ECF No. 8.[1]

### C. Plaintiff's Claims

Plaintiff's claims, as pleaded, fail to state a claim upon which relief may be granted and are therefore subject to dismissal without prejudice. On July 20, 2017, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* and ordered Plaintiff to amend his Complaint if he wished to proceed with his claims. Because Plaintiff's Complaint arose out of his treatment at three different prisons, Plaintiff was advised that he could not join unrelated claims and various defendants in his complaint unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences *and* if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20 (emphasis added). Plaintiff was clearly instructed to amend his Complaint to include only the claims or related claims he wished to bring. He was further advised to plead specific facts supporting any belief that the claims were related. Order 7-8, July 20, 2017, ECF No. 10.

Plaintiff complied with the Court's order by filing a recast complaint, but he did not provide the Court with any additional facts that would support his claims. Instead, Plaintiff stated that his "complaint is the same as it was when [he] filed it" and that his

---

[1] Plaintiff is permitted to amend his Complaint once as a matter of course at this stage in the litigation. *See* Fed. R. Civ. P. 15(a). Although Plaintiff was previously ordered that his Recast Complaint would supersede his initial Complaint and amendments thereto, Order 8, July 20, 2017, ECF No. 10, Plaintiff's disregard of this Order (as noted below) has made it impossible for the Court to piece together the facts underlying his claims without referring to the original Complaint and the amendments thereto.

"amendment doesn't change [his] claim in any fashion other than how [he] present[s] new facts to present a clearer picture of [his] situation." Am. Compl. 2, ECF No. 11. Plaintiff therefore completely disregarded the Court's instructions to either choose which related claims he wished to pursue or to plead specific facts showing that his all of his claims are somehow related.

As Plaintiff was previously advised, a plaintiff may set forth only related claims in a single lawsuit. A plaintiff may not join unrelated claims and various defendants in his complaint unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences *and* if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20 (emphasis added). "[A] claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." *Construction Aggregates, Ltd. v. Forest Commodities Corp.,* 147 F.3d 1334, 1337 n.6 (11th Cir. 1998). This relationship between claims must be demonstrated by more than just a general, conclusory assertion of an overarching conspiracy or retaliatory motive among all defendants; the connection must be factually supported in the complaint. *See, e.g., Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam) (finding that district court properly exercised discretion to dismiss conspiracy claim prior to service where plaintiff made only a "naked assertion of a conspiracy between a state judge and private defendants without supporting operative facts"); *see also Robinson v. Boyd*, No. 5:03CV25, 2005 WL 1278136, at *3 (N.D. Fla. May 26, 2005) (citing *Crawford-El v. Britton*, 523 U.S. 574 (1998) (noting that "broad, conclusory allegations are insufficient

to state a claim under section 1983," and retaliation claims require more than "general attacks" on a prison official's motivations)).

The only possible basis for joinder the Court can discern from Plaintiff's pleadings is his apparent belief that Defendants at three separate prisons conspired to retaliate against him for throwing fecal matter in the face of Defendant Michael Williams. This bare suggestion of a conspiracy or retaliatory motive is not a sufficient basis for joinder. Although Plaintiff states that Defendants Michael Williams and Bryant vaguely threatened him with retaliatory conduct, he has not alleged facts suggesting that these Defendants communicated with any of the other Defendants to carry out these purported threats. *See, e.g., Eubank v. Leslie*, 210 F. App'x 837, 842 (11th Cir. 2006) (per curiam) ("To establish a *prima facie* case of conspiracy, the plaintiff must allege, among other things, that the defendants reached an understanding to violate [his] rights." (internal quotation marks omitted) (alteration in original)). Absent such facts, Plaintiff cannot show that his claims bear any logical relationship to one another for purposes of Rule 20. Because joinder of these three sets of claims is inappropriate, and because it does not appear that the statute of limitations would bar Plaintiff from refiling his claims if he acts promptly to do so, the Court will **SEVER** Plaintiff's claims against Defendants Michael Williams and Bryant (which arise from conduct occurring at Wilcox State Prison) from his claims against Defendants Stanley Williams and Terrell (which arise from conduct occurring at Valdosta State Prison) and his claims against Defendants Allen and Bobbitt (which arise from conduct occurring at Georgia State Prison). *See* Compl. 4, ECF No. 1. The Court will address Plaintiff's claims against Defendants Williams and Bryant in this

action, but Plaintiff's claims against the remaining Defendants shall be **DISMISSED without prejudice**. *See* Fed. R. Civ. P. 21; *see also DirecTV, Inc. v. Leto*, 467 F.3d 842, 844-45 (3d Cir. 2006) (holding that "district judges have discretion to remedy misjoinders either by severing claims or dismissing them without prejudice"). Because Plaintiff's claims are dismissed without prejudice, Plaintiff may refile his claims if he desires in the proper venue.[2] The Clerk is **DIRECTED** to furnish Plaintiff with two copies of the Court's standard § 1983 form that Plaintiff may use for this purpose.

Plaintiff has also failed to state a claim upon which relief may be granted as to the remaining Defendants in this case, Defendants Michael Williams and Bryant. Taking Plaintiff's allegations as true, as the Court must at this stage, both Defendants Michael Williams and Bryant stated that Plaintiff would "pay" for throwing fecal matter on Defendant Williams and that Plaintiff would "get what's coming to [him]." Compl. 5, ECF No. 1. This single instance of prison officials' use of vaguely threatening language is not enough to state a constitutional claim. *See, e.g., O'Donnell v. Thomas*, 826 F.2d 788, (8th Cir. 1987) (affirming district court's conclusion that "alleged verbal threats and abuse by jail officials . . . did not rise to the level of a constitutional violation"); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (single instance of "verbal harassment or abuse," including threat of harm, "is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983"). Plaintiff was transferred to another prison, apparently on the

---

[2]Venue as to Plaintiff's claims arising from conduct occurring in the Valdosta State Prison would be appropriate in the Middle District of Georgia. Venue as to Plaintiff's claims arising from conduct occurring in the Georgia State Prison in Reidsville would be appropriate in the Southern District of Georgia.

same day these comments were made, so he cannot allege that he is somehow in continuing danger from Defendants Michael Williams and Bryant; and, as noted above, Plaintiff has failed to allege any facts that suggest that Defendants Michael Williams or Bryant recruited other Defendants to harm Plaintiff in either the Valdosta State Prison or the Georgia State Prison. Accordingly, Plaintiff's claims against Defendants Michael Williams and Bryant fail to state a claim upon which relief may be granted, and they are therefore **DISMISSED without prejudice.**

II. Conclusion

Based on the foregoing, the Court **SEVERS** Plaintiff's claims against Defendants Stanley Williams, Allen, Bobbitt, and Terrell from this action and **DISMISSES** them without prejudice. The Court also **DISMISSES without prejudice** Plaintiff's remaining claims against Defendants Michael Williams and Bryant.

**SO ORDERED**, this 4th day of January, 2018.

*s/ Hugh Lawson*_____
HUGH LAWSON, SENIOR JUDGE